Opinión disidente emitida por la
Jueza Asociada Señora Fiol Matta.
Sin democracia la libertad es una quimera.
Octavio Paz (1914-1998)
La democracia necesita una virtud: la confianza. Sin su construcción no puede haber una auténtica democracia.
Victoria Camps (1941-_)
Disiento de la determinación que toma hoy una mayoría de este Tribunal, en primer lugar, porque no estoy de acuerdo con la interpretación excesivamente restrictiva de *109 nuestra Constitución que sirvió de premisa para sus conclusiones. Además, la decisión mayoritaria utiliza el caso ante nuestra consideración como coyuntura para revocar nuestra decisión en Sánchez y Colón v. E.L.A. I, 134 D.P.R. 445 (1993). Con ello, da marcha atrás a la protección del derecho al voto, que en nuestro sistema tiene la más alta jerarquía. Se retrocede también en la protección de su corolario, el derecho a que se cuenten y consideren todos los votos emitidos en los comicios. La protección de estos derechos es, sin duda, la base de legitimidad de un sistema de gobierno democrático. El resultado de la decisión tomada hoy por el Tribunal es, pues, contraria a nuestra tradición democrática.
Me parece un contrasentido sostener que todo ciudadano tiene derecho a expresar su criterio mediante el voto libre y secreto y, a la vez, resolver que aquellos votos que no expresen preferencia por los candidatos u opciones específicos contenidos en las papeletas no tendrán peso alguno en el escrutinio general. Resulta un contrasentido también cuando se confronta esta decisión con la libertad de expresión, uno de los pilares de nuestra sociedad democrática.
Este Tribunal ha protegido la validez de un voto en blanco, de un voto anulado en protesta y de un voto por un candidato ficticio o que no esté contemplado en la papeleta. Sánchez y Colón v. E.L.A. I, supra. Hoy una mayoría del tribunal elimina esta protección, aludiendo al texto constitucional, específicamente, a la frase “votos depositados” del Artículo III, Sección 7, de la Constitución del Estado Libre Asociado, L.RR.A, Tomo 1. Nada hay en los diarios de las sesiones de la Asamblea Constituyente que requiera una interpretación de esta frase que sea distinta a la que he-mos adoptado anteriormente.
Siempre hemos valorado los diferentes matices de los derechos que preservan la vida en sociedad y la intimidad de los que aquí habitan. Para eso se requiere una interpre *110 tación de nuestras cláusulas constitucionales que sea respetuosa de todo su texto, de sus objetivos y aspiraciones, reconociendo así su naturaleza de ley fundamental. En este sentido, me parecen pertinentes las siguientes expresiones de quien fuera presidente de este Tribunal, Hon. José Trías Monge:
En última instancia, el significado de un texto no es derivable tan sólo de lo que parezcan indicar sus palabras o del sentido que aparente arrojar tal o cual regla de hermenéutica, sino de su entorno jurídico y social, no siempre completamente inteligible, de la función que se supuso que tuviera y del efecto que surta adscribirle tal o cual significado.(1) (Énfasis nuestro y en el original.)
Hoy están en la balanza derechos muy preciados por nuestro Pueblo. Está en juego la tranquilidad de nuestro país sobre los asuntos electorales, el valor de un voto y la confianza en que nosotros, los Jueces y Juezas de nuestro más Alto Foro, habremos de proteger la voluntad de todo elector y permitirle un lugar en la papeleta —aun cuando su selección sea distinta a las opciones plasmadas en ella— de manera que se considere su expresión electoral manifestada por el voto.
Por estas razones, concuerdo con las opiniones disidentes en cuanto a la necesidad de proteger el valor de todos los votos válidos, emitidos y depositados en las urnas, al adjudicar el escaño en disputa. Si la democracia es la manera en que se preserva y se protege la libertad de un país, necesitamos una justificación de gran envergadura para anular, por fiat judicial, las expresiones discordantes y en protesta en los procesos eleccionarios. Necesitamos que el pueblo confíe en la labor que hace este Tribunal y en la certeza y la estabilidad de los derechos de más alta jerarquía que hemos reconocido en nuestra Constitución. Proceder de otra manera es confiscar la voluntad del pueblo y *111 hacer de la Constitución una camisa de fuerza, no para limitar al Estado, sino para cohibir a los ciudadanos. Esto en claro contraste con la intención de esta Ley Suprema y con su vocación democrática.

 J. Trías Monge, Teoría de Adjudicación, San Juan, Ed. Universidad de Puerto Rico, 2000, pág. 410.